1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GERALD A. HARPER,                          No. 2: 18-cv-2853 JAM KJN P

12                 Petitioner,

13        v.                                    ORDER AND FINDINGS &
                                                RECOMMENDATIONS
14   PEOPLE OF THE STATE OF
     CALIFORNIA,

15
                  Respondent.
16

17

18        Petitioner, a state prisoner proceeding without counsel, has filed a petition for writ of

19   habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis

20   pursuant to 28 U.S.C. § 1915.

21        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford

22   the costs of suit.  Accordingly, the request to leave in forma pauperis is granted.  See 28 U.S.C.

23   § 1915(a).

24        Petitioner attacks his 2002 conviction in Sacramento Superior Court case no. 01F03801

25   for which he was sentenced to 306 years-to-life.  (ECF No. 1 at 2.)  Petitioner alleges that his case

26   was reversed and remanded for an evidentiary hearing.  (Id. at 3.)  Petitioner argues that the

27   Superior Court lost evidence crucial to the evidentiary hearing.  (Id.)  Petitioner describes this

28   evidence as witness depositions and investigator reports.  (Id. at 4.)

                                               1

Court records reveal that petitioner has previously filed an application for writ of habeas corpus attacking his 2002 conviction. See Harper v. Tilton, 2:06-cv-1190 GHK P. Petitioner filed the petition in 06-1190 on June 1, 2006. See id., ECF No. 1. The court denied the petition on the merits on July 21, 2009. See id., ECF No. 44. In claim three of this petition, petitioner argued that the state courts violated his right to due process when they withheld the defense investigation files and impeded his ability to demonstrate his ineffective assistance of counsel claim on appeal and in habeas proceedings. Id., ECF No. 44 at 4. These files contained information about six witnesses petitioner wanted to call at trial. Id., ECF No. 44 at 4. During petitioner's second appeal, the California Court of Appeal granted counsel's request to access these files, but the files could not be located in the superior court file. Id., ECF No. 44 at 4.

It appears that claim three raised in 2:06-1190 may be the same claim petitioner raises in the instant action. A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. 28 U.S.C. § 2244(b)(1).

Claims presented in a second or successive application under section 2254 that were not presented in a prior application shall be dismissed unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Before a second of successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). This means that a petitioner may not file a second or successive petition in the district court until he has obtained leave from the court of appeals. Felker v. Turpin, 518 U.S. 651, 656-57 (1996). In the absence of an order

from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition. <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1277 (9th Cir. 1997).

It is not entirely clear whether petitioner previously raised the claim he now raises in 2:06-1190. For that reason, the undersigned recommends that this action be dismissed on alternative grounds. If petitioner previously raised the claim raised in the instant action in 2:06-1190, the undersigned recommends that this action be dismissed pursuant to 28 U.S.C. § 2244(b)(1). If petitioner did not previously raise the claim raised in the instant action in 2:06-1190, the undersigned recommends that this action be dismissed based on petitioner's failure to obtain leave from the Ninth Circuit to proceed with this action, pursuant to 28 U.S.C. § 2244(b)(2).

Accordingly, IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis is granted;

IT IS HEREBY RECOMMENDED that this action be dismissed on the alternative grounds discussed above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 7, 2019

Harp2853.156(kc)

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE